The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion regarding the responsibility of the City of Cherry Valley to reimburse the City of Parkin for the costs associated with the training of a law enforcement officer who is now employed by Cherry Valley. It is my understanding that the facts surrounding this situation may be in dispute. Nonetheless, you state in your request that during the officer's training, which was paid for by Parkin, he worked part-time for Cherry Valley, and that, upon graduation from the academy, he became employed as a full-time officer for Cherry Valley. Based upon these facts, the law would appear to require some degree of reimbursement from the City of Cherry Valley to the City of Parkin.
As this office noted in Opinion No. 91-281, a copy of which is enclosed, A.C.A. 12-9-209 (Cum. Supp. 1993) provides for reimbursement to a city, county, or town of the costs or expenses for training a law enforcement officer at the Law Enforcement Training Academy, by another city, county, or town that employs that particular officer within eighteen months after completion of the training. Reimbursement may only be sought from the first county, city, or town that employs the officer after the city, county, or town that paid the costs of training, and is not required at all if an officer is terminated by the county, city, or town that paid the costs associated with his training. A.C.A. 12-9-209(a)(1) and (2) (Supp. 1993). The amount of reimbursement owed by a city hiring an officer whose training has been paid for by another city depends upon the length of time between the completion of the officer's training and the city's hiring of him. If a city hires an officer within two months after the completion of his training, the city must reimburse the city, county, or town who paid for the training the total cost of the training. A.C.A. 12-9-209(a)(3)(A). If the hiring takes place between two and six months after completion of the officer's training, the reimbursement rate is eighty percent. A.C.A.12-9-209(a)(3)(B). If the hiring occurs between six months and ten months, the rate is sixty percent. A.C.A.12-9-209(a)(3)(C). If it is between ten and fourteen months, the rate is forty percent and, finally, if between fourteen and eighteen months, the rate is twenty percent. A.C.A.12-9-209(a)(3)(D) and (E). The reimbursement shall include any salary, travel expenses, food, lodging, or other costs that were required to be paid by the county, city, or town in connection with the officer's training. A.C.A.12-9-209(a)(3) (Supp. 1993).
Applying 12-9-209 to the facts you have presented, it appears that the City of Cherry Valley should be required to reimburse the City of Parkin for at least some of the costs associated with the training of this particular law enforcement officer, including, apparently, some portion of the officer's salary and that of his replacement during the training. Of course, that determination, as well as the amount of any such reimbursement owed will depend upon the facts as they are ultimately ascertained to be.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosure